UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05188-MWC-ACCV (**Adelanto**) Date: September 9, 2026

Title: Valdano Dorvalias v. James Janecka, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. [2])**

Petitioner Valdano Dorvalias ("Petitioner") filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO Application"), requesting that the Court enjoin Respondents from transferring him outside the Central District of California while his habeas petition (Dkt. # 1) is pending. *See* Dkt. # 2 ("*TRO Appl.*") at 2.

According to the Petition and TRO Application, on September 23, 2024, Petitioner was arrested in Florida in a pending criminal matter and was taken into ICE custody on November 28, 2024. *Id.* ICE subsequently transferred Petitioner to California, where he is now detained at the Adelanto ICE Processing Center ("Adelanto"). *Id.* The Immigration Judge ("IJ") in Petitioner's removal proceedings advised Petitioner to resolve his pending Florida case before pursuing cancellation of removal. *Id.* On March 24, 2025, Judge Robert Meadows of the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida entered an Order to Transport Petitioner to Florida, so that he may be held on charges pending in that County. *See id.* at 3. Despite that Order, ICE has not transferred him. *Id.* Petitioner now seeks to prevent Respondents from transferring him outside the Central District of California until the Court can determine whether such transfer should occur. *See id.* at 6–7.

Here, the issue is that Petitioner has neither alleged nor cited to any evidence indicating that Respondents have any plan or intent to remove him from this District in the imminent future. Section 2 of Central District of California General Order No. 26-05 (the

"General Order") sets a briefing schedule for habeas petitions seeking immigration-related relief. *See* Dkt. # 5 ("*G.O.*") ¶¶ 2–6. The General Order specifically provides Respondents with seven (7) days "from the date the Clerk's Office issues this notice" to file an answer to the habeas petition. *Id.* ¶ 3. Any reply is due no later than three (3) days after the answer is filed, "or in the case of an unrepresented petitioner, 14 days after the answer is served." *Id.* ¶ 4. During the pendency of these proceedings, Respondents are ordered to provide "at least two court days' notice to the petitioner . . . of its intent to remove the petitioner from the Central District of California." *Id.* ¶ 6. Finally, "[i]f any party seeks to accelerate or extend the briefing schedule, the parties shall promptly meet and confer," and after doing so, the parties must file either a stipulation or joint statement that contains the parties' competing proposals for a briefing schedule. *See id.* ¶ 7.

To the extent that Petitioner seeks an expedited briefing schedule, he fails to certify sufficient efforts to meet and confer with Respondents or explain why Petitioner cannot meet and confer as provided in the General Order. Petitioner also fails to explain why providing Respondents with seven (7) days to answer the petition is an insufficient amount of time. Petitioner also fails to provide the Court with any indication that Respondents intend to remove him from the Central District of California, let alone a timeline for his removal (if provided), and also fails to explain why the General Order's prescribed two days' notice of intended removal is insufficient.

Section 3 of the General Order provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *G.O.* at 5. Here, Petitioner generally alleges imminent, irreparable harm in the prospect of his removal from the Central District; however, Petitioner fails to specifically address why such harm cannot be addressed by the expedited briefing schedule set forth in the General Order.

Accordingly, the Court **DENIES** the Application (Dkt. # 2) **WITHOUT PREJUDICE**. Should Petitioner seek to renew the Application, he must specifically allege why the expedited briefing schedule in the General Order is insufficient. Should Petitioner seek an expedited briefing schedule for his Petitioner, he **must** meet and confer with Respondents or explain why such a conference cannot be held.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05188-MWC-ACCV (**Adelanto)** Date: September 9, 2026

Title: Valdano Dorvalias v. James Janecka, *et al.*

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ